Case 3:15-cv-00076-HES-PDB   Document 19   Filed 07/09/15   Page 1 of 6 PageID 199

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DALE CICERO and
SHERRY PYLE,                           CASE NO:   3:15-cv-76-HES-PDB

    Plaintiffs,

vs.

LIBERTY MUTUAL
INSURANCE COMPANY,

    Defendant.

_____/

**MOTION TO DISMISS COUNT ONE, OR FOR SUMMARY JUDGMENT**

    Defendant, Liberty Mutual Insurance Company, moves to dismiss count one, or, for summary judgment on that count.

    The amended complaint has two counts.  Count one is for contractual underinsured motorist coverage benefits.  Count two is for bad faith under the Pennsylvania bad faith statute.  This Court has abated count two pending resolution of count one.  (DE 12.)

    Liberty Mutual has paid Plaintiffs each $100,000.  That is the maximum potentially due under the insurance policy.  Thus, count one is moot.

**I.      Facts[1]**

This lawsuit arises out of a motor vehicle accident. (DE 9 at ¶4.) At the time of the accident, Plaintiffs had an insurance policy that provided underinsured motorist benefits in the amount of $100,000 per person. (DE 9 at ¶7; certified copy of policy attached as Exhibit **"A."**)[2]  The insurance policy was issued in Pennsylvania, and Pennsylvania substantive law applies. (DE 8 at 7-9.)

Before Plaintiffs had sued, Plaintiffs each were paid $67,000 in underinsured motorist benefits. (DE. 9 at ¶15.) Since then, Plaintiffs each have been paid an additional $33,000. (Aff. Stephania DeRosa.) Thus, in total, each Plaintiff has been paid $100,000 in underinsured motorist benefits. That is the maximum potentially recoverable under the insurance policy.

**II.     Mootness**

"Article III of the Constitution extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" *Strickland v. Alexander*, 772 F.3d 876, 882 (11th Cir. 2014). "The case-or-controversy restriction imposes what are generally referred to as 'justiciability' limitations." *Id.* "Justiciability doctrine is composed of 'three strands': standing, ripeness, and mootness." *Id.* "The failure of any one of these strands can deprive a federal court of jurisdiction." *Id.* "The Supreme Court has

---

[1] "On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)…'a court is free to consider matters beyond the four corners of the complaint.'" *Wilcox v. Taco Bell of Am., Inc.*, 8:10-CV-2383-T-33MAP, 2011 WL 3566687, *3 (M.D. Fla. 2011).

[2] Liberty Mutual maintains that Plaintiff Cicero applied for insurance with LM General Insurance Company, and that LM General Insurance Company issued the insurance policy. *See* Application attached as Exhibit **"B."** But, for purposes of this motion, it is immaterial which entity issued the insurance policy.

long recognized that this limitation means that the federal courts cannot exercise jurisdiction over cases where the parties lack standing, or where the issue in controversy has become moot." *Fla. Wildlife Fed., Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

> For a plaintiff to have constitutional standing to bring suit
>
> > a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Id.* "Indeed, because mootness is jurisdictional, dismissal is mandated." *Fla. Public Interest Research Group Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1086 (11th Cir. 2004). This is true even if a live controversy existed when the lawsuit was filed. *Redfern v. Napolitano*, 727 F.3d 77, 83 (1st Cir. 2013). A court lacks subject matter jurisdiction over part of a controversy, such as an individual count, when that part or count becomes moot. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 773-74 (5th Cir. 2011). And, when a dispute is no longer embedded in an actual controversy, the case is moot, even if the parties continue to dispute the lawfulness or correctness of the conduct that precipitated the lawsuit. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013).

### III. Count one is moot

"Under a UM policy, 'the insured…may recover only up to the policy's specified coverage limits.'" *Marlette v. State Farm Mut. Auto. Ins. Co.*, 57 A.3d 1224, 1230 (Pa. 2012) (citing *Jones v. Nationwide Prop. & Cas. Ins. Co.*, 32 A.3d 1261, 1263 (Pa. 2011)). Thus, under Pennsylvania law, "[a]n action for breach of an insurance contract does not lie when the policy proceeds have been paid' because in such cases, an insured cannot establish damages under the contract.'" *Stanford v. Nat'l Grange Ins. Co.*, 64 F.Supp.3d 649, 658 (E.D. Pa. 2014); *see also Oehlmann v. Metropolitan Life Ins. Co.*, 644 F.Supp.2d 521, 533 (M.D. Pa. 2007) ("An action for breach of an insurance contract does not lie when the policy proceeds have been paid.").

Here, in count one, the maximum relief Plaintiffs could have obtained is the policy limits of $100,000 per person. These policy limits have been paid. Thus, count one is moot. *See Safeco Ins. Co. of Ill. v. Fridman*, 117 So. 3d 16 (Fla. 5th DCA 2013), rev. granted, 145 So. 3d 823 (Fla. 2014); *see also Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim"); *Doyle v. Midland Management, Inc.*, 722 F.3d 78, 81 (2d Cir. 2013) (offer to settle for full amount of damages constituted sufficient grounds to dismiss for mootness); *Holsten v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (same); *Gathagan v. Rag Shop/Hollywood, Inc.*, No. 04–80520–CIV, 2005 WL 6504414, *2 (S.D. Fla. 2005)

("Defendant's tender of Plaintiff's maximum recoverable damages has rendered her case moot, and the motion to dismiss with prejudice is granted.").

## IV. Conclusion

Plaintiffs have been paid the policy limits. That is the full amount of monetary relief available in count one. Thus, Plaintiffs no longer have a viable breach of contract claim. *Stanford*, 2014 WL 5527744, at *7. And count one is moot. Accordingly, count one should be dismissed. Alternatively, Liberty Mutual should be granted summary judgment on that count.

Upon disposal of count one, Liberty Mutual anticipates the Court will lift the abatement of count two. The only issue then remaining in this case would be whether Plaintiffs are entitled to damages under 42 Pa. C.S.A. § 8371.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ David B. Krouk
DAVID B. KROUK, ESQ.
Florida Bar No.: 0949840
Email: dkrouk@butler.legal
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
Email: mlavisky@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that on July 9, 2015, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to the following:

> Paul M. Guntharp, Jr., Esq.
> Paul M. Guntharp, Jr., P.A.
> 50 Leanni Way, Suite B-4
> Palm Coast, FL  32137

        /s/ David B. Krouk
        DAVID B. KROUK, ESQ.